# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cristie Marie Underwood fka Cristie Willman<br>Dirone Troy Underwood<br>　　　　　　　　　　Debtor | CHAPTER 13 |
| | |
| Specialized Loan Servicing LLC<br>　　　　　　　　　　Movant<br>　　vs. | NO. 19-14805 ELF |
| | |
| Cristie Marie Underwood fka Cristie Willman<br>Dirone Troy Underwood<br>　　　　　　　　　　Debtor | 11 U.S.C. Section 362 |
| | |
| William C. Miller, Esquire<br>　　　　　　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.     The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,418.16** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2020 to October 2020 in the amount of $873.56/month |
| Suspense Balance: | $202.52 |
| **Total Post-Petition Arrears** | **$2,418.16** |

2.     The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$2,418.16.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$2,418.16** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.      Beginning with the payment due November 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $873.56 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.     Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.        In the event the payments under Section 3 above are not tendered pursuant to the

terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in

writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.

If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a

Certification of Default with the Court and the Court shall enter an Order granting the Movant relief

from the automatic stay. In the event of a second default pursuant to the terms of this Stipulation, the

Movant may file a Certification of Default with the Court and the Court shall enter an Order granting

Movant relief from the automatic stay.

6.        The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7.        If the case is converted to Chapter 7, the Movant shall file a Certification of Default

with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8.        If the instant bankruptcy is terminated by either dismissal or discharge, this

agreement shall be null and void, and is not binding upon the parties.

9.        The provisions of this stipulation do not constitute a waiver by the Movant of its

right to seek reimbursement of any amounts not included in this stipulation, including fees and costs,

due under the terms of the vehicle and applicable law.

10.        The parties agree that a facsimile signature shall be considered an original signature.


Date:    October 13, 2020                              By: */s/ Rebecca A. Solarz, Esquire*
                                                          Attorney for Movant



         November 16, 2020
Date:_____                     __/s/Joseph L. Quinn, Esq.___
                                                  Joseph L. Quinn, Esquire
                                                  Attorney for Debtor

Date: November 16, 2020                    /s/Leroy Etheridge, Esq.
                                           William C. Miller, Esquire
                                           Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2020.  However, the court
retains discretion regarding entry of any further order.

                                           _____

                                           Bankruptcy Judge
                                           Eric L. Frank